GAGE *vs.* SIMON L. and JOHN H. BREWSTER.

A junior mortgagee, coming to redeem mortgaged premises from a sale under a decree of foreclosure in a suit upon a prior mortgage, must pay, not only the amount of principal and interest due upon the prior mortgage, but the costs of the foreclosure suit; notwithstanding he was made a party to such suit.

ON the 9th of January, 1855, James Thompson was seised in fee of a small parcel of land in the town of Brighton, in the county of Monroe, and on that day executed and delivered to Amos O. Miller a mortgage thereon, to secure the payment of $400, in four annual payments.    On the 29th of February, 1856, Thomas Ryder, being seised in fee of the same premises, executed a mortgage thereon, with other premises, to the plaintiff, to secure the payment of $700 in one year; and on the 24th of June, 1856, executed another mortgage to the plaintiff to secure the payment of $500, with interest, in eighteen months.    These last mentioned mortgages were duly recorded the day they were dated, respectively.    On the 20th of March, 1858, a foreclosure of the two last mortgages was commenced, Thomas Ryder and Charlotte his wife being made defendants, and on the 15th of April the usual judgment of foreclosure was entered in the action.    On the 17th of June, 1858, the premises were sold on this judgment, and the plaintiff became the purchaser.    On the 24th of April, 1858, the defendants having become the owners of the first mentioned mortgage, commenced a foreclosure thereof by an action in this court, and on the 6th of July, 1858, the usual judgment of foreclosure was entered.    To this action the plaintiff was not made a party.    The defendants proceeded to advertise the property for sale, when the plaintiff accidentally discovering that the defendants' mortgage was a, lien on a portion of his own land, paid the defendants the amount of their mortgage, principal and interest, under an agreement that the money so paid should apply on the judgment, first, in payment of costs, and the balance on the mortgage debt, unless the court should decide, in an action to be brought to

redeem, that the plaintiff was entitled to redeem the premises without paying the costs of the foreclosure; in case such decision should be made, then the whole sum should be applied on the mortgage debt. The plaintiff then commenced this action, praying that the defendants be adjudged to discharge the said mortgage of record. The judge before whom the cause was tried at the circuit, decided as matter of law upon the facts found, that the plaintiff was not entitled to redeem the premises from the lien of the mortgage held by the defendants, and to have the same discharged upon paying the amount unpaid thereon, with interest, unless he also paid the costs of the said defendants in the action brought by them to foreclose the same. He therefore dismissed the plaintiff's complaint, with costs, and the plaintiff appealed.

*W. F. Cogswell,* for the appellant.

*J. C. Cochrane,* for the respondents.

*By the Court,* T. R. STRONG, J. The plaintiff derives title to the premises in question through the foreclosure of two mortgages, executed by Thomas Ryder to him, and a purchase by him of the premises at a sale thereof in the foreclosure suit. Ryder received a conveyance of the title expressly subject to the payment of the defendants' mortgage. The premises thereby became the primary fund for the payment of the mortgage debt to the defendants, and Thompson, the mortgagor in the defendants' mortgage, who executed a bond in connection with the mortgage, a mere surety. This was the state of things at the time of the mortgage and the sale to the plaintiff, and it continued afterwards.

Now the defendants, in the suit for the foreclosure of their mortgage, have obtained a judgment of foreclosure and sale, with the usual provision, as I understand, making Thompson personally liable for any deficiency, upon a sale of the premises,

of the proceeds to pay the debt and costs. As against Thompson, the defendants certainly are entitled to collect the costs; and if Thompson should be compelled to pay the costs, he would either be entitled to the benefit of the judgment for his indemnity, or to an action against the plaintiff personally, to recover the sum paid. Whichever remedy he would be entitled to, it would be inequitable to allow the judgment to be enforced against him and require him to have recourse to that remedy. Full justice may be administered in this suit, and circuity of action avoided.

In my opinion the plaintiff was equitably bound to pay the costs in the defendants' judgment, to entitle him to redeem; and that the judgment at special term should be affirmed with costs.

[MONROE GENERAL TERM, December 5, 1859. *T. R. Strong, Welles* and *Johnson,* Justices.]